# Exhibit D

Case 4:17-cv-00817-ALM   Document 1-4   Filed 11/21/17   Page 2 of 10 PageID #: 13

Filed: 10/20/2017 4:45 PM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 20209664

CAUSE NO. 199-05087-2017

| | | |
|---|---|---|
| **CRAIG RANCH COMMUNITY ASSOCIATION, INC. d/b/a SETTLEMENT TOWNHOMES AT CRAIG RANCH** | § § § § | **IN THE DISTRICT COURT** |
| **v.** | § § | **_____ JUDICIAL DISTRICT** |
| **PELEUS INSURANCE COMPANY** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CRAIG RANCH COMMUNITY ASSOCIATION, INC. D/B/A SETTLEMENT TOWNHOMES AT CRAIG RANCH (hereinafter the "HOA" or "Plaintiff") complaining of PELEUS INSURANCE COMPANY (hereinafter the "Insurance Company" or "Defendant") and respectfully shows the Court as follows:

### I.    DISCOVERY PLAN

1.01.   Plaintiff requests that discovery be conducted in accordance with Discovery Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.  As per Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.  The damages sought are within the jurisdictional limits of this court.

### II.    PARTIES

2.01.   Plaintiff, Craig Ranch Community Association, Inc. d/b/a Settlement Townhomes at Craig Ranch, is a Texas corporation with principal place of business located at 6850 TPC Drive, Suite 104, McKinney, Texas 75070.

2.02.   Defendant, Peleus Insurance Company, is an insurance company operating in the State of Texas.  As per the insurance policy at issue, Defendant may be served by serving its agent, General Counsel of Peleus Insurance Company, P.O. Box 469011, San Antonio, Texas 78246.

Citation is requested to be prepared and issued.

### III.     VENUE AND JURISDICTION

3.01.   Venue is appropriate in Collin County, Texas, pursuant to section 15.002 of the Texas Civil Practice and Remedies Code because the matters and issues relate to a purported agreement that is performable in Collin County, Texas and such purported agreement restricts activities and business in the State of Texas, specifically in Collin County, Texas.  Additionally, Defendant conducts business activities within the territorial confines of Collin County, Texas.

### IV.     BACKGROUND FACTS

4.01.   The HOA (specifically Settlement Townhomes at Craig Ranch) is made up of five (5) buildings totaling twenty (20) residences.  The property at issue is located at 5201 Fort Buckner Drive, McKinney, Texas; 5205 Fort Buckner Drive, McKinney, Texas; 5209 Fort Buckner Drive, McKinney, Texas; 5213 Fort Buckner Drive, McKinney, Texas; 5217 Fort Buckner Drive, McKinney, Texas; 5221 Fort Buckner Drive, McKinney, Texas; 5225 Fort Buckner Drive, McKinney, Texas; 5229 Fort Buckner Drive, McKinney, Texas; 5300 Fort Buckner Drive, McKinney, Texas; 5304 Fort Buckner Drive, McKinney, Texas; 5308 Fort Buckner Drive, McKinney, Texas; 5312 Fort Buckner Drive, McKinney, Texas; 5316 Fort Buckner Drive, McKinney, Texas; 5320 Fort Buckner Drive, McKinney, Texas; 5324 Fort Buckner Drive, McKinney, Texas; 5328 Fort Buckner Drive, McKinney, Texas; 5617 Rowlett Creek Way, McKinney, Texas; 5621 Rowlett Creek Way, McKinney, Texas; 5625 Rowlett Creek Way, McKinney, Texas; 5629 Rowlett Creek Way, McKinney, Texas (the "Property").  In or about June 2016, the HOA and the Insurance Company entered into a written agreement whereby Insurance Company agreed to provide insurance coverage for the Property by and through Policy No. P723-1426870316-01 (the "Policy") from June 1, 2016 through June 1, 2017 (the "Policy Period").

4.02.   On March 26, 2017, hail and rain forcefully hit the Property and caused damage to the slate roofs.  According to the National Weather Service, there was a severe weather warning

that night that produced winds measuring approximately forty-two (42) miles per hour and hail of one and three quarters (1.75) inches in diameter. The homeowners captured the hail by taking the following photographs:

 

The hail on March 26, 2017 was very large and destructive. In fact, one of the homeowner's vehicle was parked outside and incurred substantial damage. Similarly, numerous individual properties and townhomes throughout the Craig Ranch development were damaged that evening and were subsequently repaired with insurance funds.

    4.03.   As a result of the damage, on May 22, 2017, Carol Dozier of Scarbrough, Medlin & Associates, Inc., submitted a Property Loss Notice on behalf of the HOA. Along with the Property Loss Notice, Ms. Dozier submitted thirty-one (31) photographs detailing the substantial damage caused by the hailstorm. In fact, the dents caused by the hail measured, in some cases, greater than three (3) inches in diameter. The claim was submitted to Terrill Dukes for review. Mr. Dukes communicated with Rodney Johnson, the HOA's maintenance director, to confirm and provide access to the roofs of the Property, which was immediately granted. Through Insurance Company's representatives, it was confirmed that review of the Property was completed on May 31, 2017.

4.04. Over the course of the last several months, no coverage decision has been rendered and the Insurance Company has not honored its commitment to pay for the loss. It is without question that the HOA timely and properly reported the damage to the Insurance Company. The Insurance Company has failed to evaluate the claim and failed to remedy the damage to the roofs on the Property. While the Insurance Company has been sitting idly, the HOA has engaged professionals to further evaluate the roofs on the Property. There is clearly 1) hail spatter on the "W" valleys; 2) hail damage to the gutters, downspouts, and pipes; and 3) damage to the tile caused by hail. Additionally, there is damage around windows, screens, and stucco.

4.05. According to the Policy, Insurance Company is required to pay one hundred percent (100%) of replacement costs. The HOA has met with Jeff McRay of McRay Roofing & Exteriors, LLC and requested that he provide a bid to complete the replacement of the roofs at issue. Mr. McRay's firm has handled other replacements in Craig Ranch stemming from hailstorms including replacement of slate tile roofs. After reviewing the Property, Mr. McRay provided an estimate of $2,524,209.00.

4.06. As stated above, this claim was submitted to the Insurance Company on May 22, 2017. The Insurance Company acted promptly and sent representatives to the Property on May 31, 2017 to evaluate the substantial damage to the Property. Thereafter, the HOA heard absolutely nothing from the Insurance Company. On August 2, 2017, the HOA engaged counsel to draft and send a demand letter to the Insurance Company demanding payment for the damages to the roofs on the Property in accordance with the Policy. On August 25, 2017 and September 5, 2017, the HOA representatives met with the Insurance Company's attorneys, "engineers," evaluators, and drone pilots to evaluate and review the damage to the roofs on the Property. Over five (5) months since the claim was submitted and despite ample time and multiple reviews, the Insurance Company has not provided a coverage decision and has not offered anything to compensate the HOA for the loss at issue. It is without a doubt that the damage at issue was caused by hail that

measured one and three quarters (1.75) inches. The slate tile on roofs of the Property continues to break and slide off the roofs. The HOA is worried that slate will fall off of the roofs and injure someone. The Insurance Company's substantial delay in responding to and processing this claim continues to cause damage. In fact, other properties within the Craig Ranch development were also hit by the same hailstorm and claims were remedied including damage to the Craig Ranch Fitness Center and the 17th Green.

4.07. Interestingly, the same "engineers" hired by the Insurance Company in this case reviewed the Property in 2016. In a report dated August 17, 2016, the Insurance Company's "engineers" stated "[t]he slate tile roofing systems on main roof areas buildings 1 through 5 were not damaged by hail-related impact." It is hard to fathom that the Insurance Company would take the position that somehow the damage to the roof was as a result of previous hail damage or some other damage in light of the Insurance Company's "engineer's" previous assertions and opinions.

4.08. As a result of the Insurance Company's delays and failure to remedy the damage to the roofs of the Property, the HOA has been required to obtain insurance at a substantially increased price. In 2016-17, the HOA paid a premium with a deductible buy-back policy in the amount of $16,865.00 and a deductible of $10,000.00 *per incident*. For 2017-18, the HOA paid a premium *without* a deductible buy-back policy in the amount of $42,026.00 and a deductible of $100,000.00 *per building*. Therefore, there is an increase in premium of $25,161.00 and a minimum of a $90,000.00 increase in the deductible.

## V.   CAUSES OF ACTION AND DAMAGES

5.01. All conditions precedent for recovery have been met.

5.02. **Breach of Contract.** Plaintiff incorporates paragraphs 4.01-4.08 and 5.01 herein by reference as if such paragraphs were reproduced verbatim. Plaintiff and Defendant entered into a valid and enforceable contract; Plaintiff performed or tendered performance; Defendant breached the contract; and Plaintiff was damaged as a result of the breach. Specifically, Plaintiff and

Defendant entered into a contract (*i.e.*, the Policy) that required Defendant to pay Plaintiff for damage to the roofs on the Property.  Plaintiff has provided Defendant with access to the Property to review the substantial damage caused by the hailstorm, provided documents and information, and provided a cost of replacement estimate.  Defendant has utterly and completely refused to engage in any dialogue that would lead to a resolution of this claim despite the roofs on the Property being hammered by hail measuring one and three quarters (1.75) inches in diameter.  The hail storm on March 26, 2017 caused damage that is covered by the Policy.  Defendant's refusal to comply with its obligations under the Policy have caused harm to Plaintiff.  As a result of Defendant's breaches, failures, acts, and omissions, Plaintiff has been damaged and such damages are within the jurisdiction of this Court.

     5.03.   **Bad Faith Insurance.**  Plaintiff incorporates paragraphs 4.01-4.08 and 5.01-5.02 herein by reference as if such paragraphs were reproduced verbatim. Plaintiff and Defendant entered into a contract for insurance coverage (*i.e.*, the Policy); Defendant breached its duty under the insurance contract by delaying payment when liability was clear and failing to provide a coverage decision; and Defendant's breach proximately caused Plaintiff's damages.  Defendant's actions constitute bad faith and violate the common law and Chapter 541 of the Texas Insurance Code including Sections 541.060 and 541.061.  As referenced herein, Plaintiff timely alerted Defendant (and its agents) of the damage to the roofs on the Property by completing and filing a claim form with Defendant.  Subsequently, Plaintiff demanded payment under the terms of the Policy.  Since being alerted to the failures, breaches, acts, and omissions, Defendant has failed to make an offer to pay the damages obviously incurred by Plaintiff and covered by the Policy and utterly and completely failed to provide a response or cover decision.  In fact, Defendant has knowingly and intentionally wasted time and failed to enter into productive communications with Plaintiff despite its duty to cover and pay for Plaintiff's losses.  As a result of Defendant's failures and bad faith, Plaintiff has been forced to wait idly in hopes of being made whole.  Defendant has

wholly failed to act in good faith and has failed to act in accordance with the duty of good faith and fair dealing. Defendant's actions constitute a violation of the Texas Deceptive Trade Practices Act. Defendant acted intentionally and knowingly and, thus, Plaintiff is entitled to recover treble damages. As a result of Defendant's breaches, failures, acts, and omissions, Plaintiff has been damaged and such damages are within the jurisdictional limits.

5.04. **Attorney's Fees.** Plaintiff incorporates paragraphs 4.01-4.08 and 5.01-5.03 herein by reference as if such paragraphs were reproduced verbatim. Plaintiff has been required to retain the services of an attorney to enforce his rights and is entitled to recover reasonable and necessary attorney's fees and costs of court.  In accordance with Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 17 of the Texas Business & Commerce Code, Chapter 541 of the Texas Insurance Code, and the principles of equity, Plaintiff is entitled to seek and obtain attorneys' fees from Defendant. Pursuant to the usual and customary fees for a claim of this type, Plaintiff is entitled to reasonable and necessary attorneys' fees for preparation and trial of this case and additional attorneys' fees in the event of an appeal or other proceedings before the Texas Court of Appeals and the Supreme Court of Texas.

5.05. **Exemplary Damages.** Plaintiff incorporates paragraphs 4.01-4.08 and 5.01-5.03 herein by reference as if such paragraphs were reproduced verbatim.  Defendant's acts as set forth herein constitute fraud, malice, or gross negligence.  As a result of the acts or omissions set forth herein, Plaintiff is entitled to the recovery of exemplary damages.

## VI.     REQUEST FOR DISCLOSURE

6.01.   In accordance with Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant provide, within 50 days of the service of this request, Responses to Request for Disclosure pursuant to Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VII.    DEMAND FOR TRIAL BY JURY

7.01.   Plaintiff hereby demands a trial by jury.

## VIII.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be awarded judgment against Defendant as follows:

1. Plaintiff have judgment against Defendant and recover all damages including, but not limited to, actual damages, economic damages, non-economic damages, special damages, statutory damages, and all other damages and recovery available at law or in equity;

2. Plaintiff have judgment and recover on his causes of action for breach of contract, violations of the Texas Insurance Code as a result of Defendant's bad faith, and violations of the Texas Deceptive Trade Practices Act;

3. Court costs;

4. Reasonable and necessary attorneys' fees;

5. Exemplary damages;

6. Treble damages; and

7. Any other legal or equitable relief, whether general or specific, to which Plaintiff may be entitled.

Respectfully submitted,

BARLOW GARSEK & SIMON, LLP
920 Foch Street
Fort Worth, Texas 76107
817.731.4500
817.731.6200 – Facsimile

By: _____
**Christian Dennie**
State Bar No. 24045775
cdennie@bgsfirm.com

**ATTORNEY FOR PLAINTIFF**